IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICARDO LEONIDAS-TORRES,

                Petitioner,

    v.

FCI-OXFORD'S WARDEN,

                Respondent.

OPINION AND ORDER

24-cv-570-wmc

---

Petitioner Ricardo Leonidas-Torres is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Leonidas-Torres has filed an amended federal habeas corpus petition under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #4.) Specifically, Leonidas-Torres contends that he has been denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. Respondent argues that the petition must be denied because Leonidas-Torres is not eligible for the time credits he seeks. (Dkt. #10.) The petition will be denied and this case will be dismissed for the reasons explained below.

OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a

prisoner must show that he is in custody in violation of the Constitution or laws if the United States. 28 U.S.C. § 2241(c)(3). Here, petitioner does not demonstrate a constitutional violation or that his sentence has been calculated incorrectly.

Petitioner, a citizen of Mexico, is currently imprisoned as the result of a federal conviction for importation of methamphetamine in *United States v. Ricardo Leonidas-Torres*, No. 3:23-CR-02030 (S.D. Cal.). On January 26, 2024, petitioner received a sentence of 28 months' imprisonment followed by a 3-year term of supervised release in that case. His projected release date is August 28, 2025.

Petitioner argues that he would be entitled to speedier release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"), that he earned for participating in a work program. The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); see also 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

2

Respondent notes that a final order of removal has been entered against petitioner. (Palmer Decl. (dkt. #11) at ¶ 11.) Specifically, a Notice and Order of Expedited Removal was entered against him on July 16, 2024, finding him inadmissible under Section 212(a)(7)(A)(i)(1) of the Immigration and Nationality Act ("INA") and ordering him removed under INA § 235(b)(1), codified as 8 U.S.C. § 1225(b)(1). (Skelly Decl. Ex. A (dkt. #12-1), at 2). The order of expedited removal is signed by a deportation officer and a supervisory official. (*Id.*) This court and others have held that orders of expedited removal entered by an immigration officer under § 235(b)(1) of the INA and approved by a supervisor are considered final. *See Yefferson v. Emmerich*, dkt. #20, at 4, No. 24-cv-93-wmc (W.D. Wis. Nov. 22, 2024) (citing *Ceron v. Engelman*, No. 23-cv-3388, 2024 WL 967858, *2 (C.D. Cal. Jan. 24, 2024); *Pineda v. Cruz*, No. 23-cv-4939, 2024 WL 1526120, at *3 (D.N.J. April 9, 2024); *Gomez-Cuzme v. Birkholz*, No. 23-cv-1753, 2023 WL 4423602, *3 (C.D. Cal. June 1, 2023); 8 C.F.R. § 235.3(b)(7)); *see also Said v. Underwood*, No. 3:23-cv-00164, 2025 WL 90145, at * 2 (W.D. Pa. Jan. 14, 2025).

Petitioner appears to argue that his order of removal is not "final" because he has expressed a fear of persecution and torture if returned to Mexico. (Dkt. #13.) A "final order of removal" is not specifically defined in either the Immigration and Nationality Act ("INA") or the First Step Act. In *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020), the Supreme Court defined that term in the deportation context as a "final order 'concluding that the noncitizen is deportable or ordering deportation.'" *Id.* (quoting 8 U.S.C. § 1101(a)(47)(A)). Petitioner does not dispute that an order of removal was entered against him, finding him deportable. The prospect that petitioner might obtain discretionary relief

3

in a proceeding before an immigration judge does not render his order of removal nonfinal for purposes of calculating his time credits by the BOP. *See Johnson v. Guzman-Chavez*, 594 U.S. 523, 539 (2021) ("the finality of the order of removal does not depend in any way on the outcome of [a motion for withholding of removal under the Convention Against Torture ("CAT")]"); *see also Jimenez v. Warden, FCI Fort Dix*, No. CV 24-773 (KMW), 2024 WL 3568714, at *1, (D.N.J. July 26, 2024) ("That Petitioner was also granted immigration relief . . . under the CAT does not change the fact that he has received a final order of removal.") (citing *Nasrallah*, 590 U.S. at 582); *Giang Van Doan v. FCI Berlin Warden*, No. 23-cv-183-LM-AJ, 2024 WL 1095894, at *4, (D.N.H. Feb. 21, 2024) ("Neither Petitioner's prior release from ICE custody, nor any determinations regarding his likelihood of removal, nor any temporary grant of discretionary relief, have rendered the underlying Removal Order nonfinal."), R&R approved, 2024 WL 1093756 (D.N.H. Mar. 13, 2024).

To the extent that petitioner challenges the validity of his expedited order of removal (dkt. #13), any challenge to petitioner's removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]" 8 U.S.C. §§ 1252(a)(5), 1252(b)(2). Based on this record, petitioner fails to show that his sentence has been calculated incorrectly or that he is entitled to relief under 28 U.S.C. § 2241. Therefore, his petition must be denied.

ORDER

IT IS ORDERED that:

1. The amended federal habeas corpus petition filed by Ricardo Leonidas-Torres (dkt. #4) is DENIED and this case is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment and close this case.

Entered on this 11th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge